# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEHAJVEER SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-04943-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART RESPONDENT'S MOTION TO DISMISS, DISMISS COUNT ONE AND GRANT COUNT TWO OF THE PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECT RESPONDENT TO PROVIDE PETITIONER WITH A BOND HEARING<br><br>(ECF Nos. 1, 8)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR CONSIDERATION OF LATE REPLY AND DENYING PETITIONER'S MOTIONS FOR IMMEDIATE RULING AND EXPEDITED CONSIDERATION<br><br>(ECF Nos. 17, 19, 20) |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the undersigned recommends granting in part Respondent's motion to dismiss, dismissing Count One and granting Count Two of the petition, and directing Respondent to provide Petitioner with a new bond hearing.

\\\

\\\

## I.

## BACKGROUND[1]

Petitioner is a citizen of India who entered the United States on April 2, 2023, and was encountered by immigration officials near San Ysidro, California. He was later released from custody on his own recognizance and served with a Notice to Appear charging him as a noncitizen present in the United States who had not been admitted or paroled under Immigration and Nationality Act section 212(a)(6)(A)(i). On March 26, 2025, Petitioner was arrested by Fresno County Sheriff's deputies for reckless driving. Singh v. Warden of Golden State Annex Facility, No. 1:26-cv-00172-JLT-EPG, 2026 WL 788110, at *1 (E.D. Cal. Mar. 20, 2026).

On November 22, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE"). On January 10, 2026, Petitioner filed his first petition for a writ of habeas corpus. Singh, 2026 WL 788110, at *1. On March 20, 2026, the Court granted the petition and ordered that within fourteen days Petitioner be provided with a "substantive bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where 'the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,' *id.* at 1203." Singh, 2026 WL 788110, at *2 (alteration in original).

On March 26, 2026, an immigration judge ("IJ") held a bond hearing, at which Petitioner represented himself *pro se*, and denied bond, "conclud[ing] that the Department has established by clear and convincing evidence that Respondent is such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk." (ECF No. 8 at 40; ECF No. 15 at 4, 9.[2])

Allegedly unaware that this hearing had already occurred, Petitioner's counsel independently prepared and filed a motion for custody redetermination on April 2, 2026 in anticipation of a bond hearing. Singh v. Warden of Golden State Annex Facility, No. 1:26-cv-00172-JLT-EPG, 2026 WL 1328508, at *2 (E.D. Cal. May 13, 2026). On April 3, 2026, an IJ

[1] As the pleadings in the instant matter lack certain details regarding the factual background, the Court also relies on Petitioner's earlier-filed case for this summary.
[2] Page numbers refer to ECF page numbers stamped at the top of the page.

denied Petitioner's motion for a second custody redetermination on two alternative grounds: (1) Petitioner was not detained pursuant to § 1226(a) and therefore, the IJ did not possess jurisdiction over the request for a custody redetermination hearing pursuant to § 1226(a), citing Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025); and (2) the IJ just recently denied bond based on a finding that the government had established by clear and convincing evidence that Petitioner is a flight risk and Petitioner had not established materially changed circumstances. (ECF No. 8 at 43.)

On April 12, 2026, Petitioner filed a motion to enforce judgment, "alleging that the March 26 bond hearing did not comport with this Court's prior order" and citing "various procedural defects proceeding and following the hearing, as opposed to challenging the sufficiency of the bond hearing itself or the IJ's application of the legal standard." Singh, 2026 WL 1328508, at *2, 4. On May 13, 2026, the Court denied the motion to enforce judgment, finding "Petitioner cannot demonstrate prejudice[.]" Id. at *5.

On June 26, 2026, Petitioner filed a second petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On July 1, 2026, Respondent filed a motion to dismiss. (ECF No. 8.) On July 2, 2026, the assigned district judge denied the motion for TRO as untimely. (ECF No. 13.) On July 23, 2026, Respondent filed a notice adopting the motion to dismiss as Respondent's responsive pleading. (ECF No. 16.) On July 27, 2026, Petitioner filed a reply brief in support of the petition. (ECF No. 18.)

## II.

## DISCUSSION

### A. Motion to Dismiss

#### 1. Statutory Basis of Petitioner's Detention

Respondent asserts that Petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 8 at 3.) This Court rejected Respondent's argument in Petitioner's previous proceeding. See Singh, 2026 WL 788110, at *1 ("Courts nationwide, including this one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy unlawful."). Moreover, the Ninth Circuit has rejected

Respondent's argument in Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026), which held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Accordingly, Petitioner's detention is governed by 8 U.S.C. § 1226(a), and the undersigned recommends finding that dismissal is not warranted on this ground.

2. Successive Petition

Respondent argues that "[a]buse of the writ doctrine should apply here to the claims already adjudicated and the other issues that could have been raised in the first habeas case." (ECF No. 8 at 3.) The common law "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo, 645 F.3d at 1049 (citations omitted).

To the extent Petitioner asserts that a post-deprivation bond hearing cannot cure the initial due process violation in Count One of the petition, (ECF No. 1 at 11–13), this Court previously concluded that a post-deprivation bond hearing was the appropriate remedy for Petitioner's unlawful re-detention. Singh, 2026 WL 788110, at *2. Accordingly, the undersigned recommends finding that the abuse of the writ doctrine should apply to Count One's challenge regarding the initial due process violation.

In Count Two, Petitioner challenges his allegedly defective bond hearing and the denial of a subsequent bond hearing. (ECF No. 1 at 14–18.) These are claims that could not have been raised in the previous petition. Accordingly, the undersigned recommends finding that dismissal of Count Two is not warranted under the abuse of writ doctrine.

3. Exhaustion

Respondent contends that the petition should be dismissed for failure to exhaust administrative remedies. (ECF No. 8 at 4.) "As a prudential matter, courts require that habeas

petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived. Id. (citations omitted). "Courts may require prudential exhaustion if":

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (citations omitted)). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).

Here, the appeal period has expired and thus, appealing to the BIA would be futile. Further, "district courts in the Ninth Circuit note that the unprecedented delays in the BIA appeals process necessarily mean that Petitioners will suffer irreparable injury if required to wait for a BIA decision before being permitted to file a habeas claim." Singh, 2026 WL 1328508, at *4 (citing Soriano v. Hernandez, No. 2:26-CV-00900-DGE, 2026 WL 969764 at *4 (W.D. Wash. Apr. 10, 2026); Scott v. Wamsley, No. 2:25-cv-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025)). Accordingly, the undersigned recommends waiving the prudential exhaustion requirement in this instance.

**B. Adequacy of Bond Hearing**

Petitioner asserts that the IJ abused her discretion and unlawfully denied bond because although counsel for the Department of Homeland Security ("DHS") "was present . . . he never spoke that day or even argued flight risk" and thus, "[i]t was impossible for DHS to [meet] its burden of [proof] especially by clear and convincing evidence without presenting any evidence and without speaking." (ECF No. 1 at 16.) Respondent does not address this claim whatsoever.

"[T]he determination whether an alien is 'dangerous' for immigration-detention purposes is a mixed question of law and fact and is reviewable as a 'question of law.'" Martinez v. Clark, 124 F.4th 775, 779 (9th Cir. 2024). "When questions require a close review of agency-found facts, like the 'dangerousness' determination, we review for an abuse of discretion." Id. at 784. "Under an abuse of discretion standard, 'we cannot reweigh evidence ... [but] can [only] determine whether the BIA applied the correct legal standard.'" Martinez, 124 F.4th at 785 (alterations in original) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)).

> Generally, in the absence of any red flags, we take the BIA at its word. For example, "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence," we will rely on the BIA's statement that it properly assessed the entire record. *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). We do not require the BIA to "discuss each piece of evidence submitted." *Id.* Similarly, we accept that the BIA "applied the correct legal standard" if the BIA "expressly cited and applied [the relevant caselaw] in rendering its decision." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009). But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," we do not credit its use of a "catchall phrase" to the contrary. *Cole*, 659 F.3d at 771-72.

Martinez, 124 F.4th at 785.

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
> > (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> *Id.*

Martinez, 124 F.4th at 783.

\\\

The transcript of the bond hearing reflects that the IJ concluded: "I have carefully considered the evidence, including the documents and your testimony today. I am denying your request for bond. I am concluding that the Department has shown by clear and convincing evidence that you are both a danger and a flight risk." (ECF No. 15 at 19.) The IJ's written order states: "This Court concludes that the Department has established by clear and convincing evidence that Respondent is such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk. The Court thus DENIES bond on this basis." (ECF No. 8 at 40.)

Although the IJ cites the correct legal standard as ordered by this Court that the government bears the burden by clear and convincing evidence, (ECF No. 8 at 40; ECF No. 15 at 5, 6, 7–8, 19), a review of the transcript of the bond hearing shows that in practice, the IJ placed the burden on Petitioner rather than the government. As noted by Petitioner, (ECF No. 1 at 16), DHS counsel did not speak at all during the bond hearing and the IJ did not ask DHS counsel any questions. The IJ asked questions of Petitioner regarding whether this was his first time coming to the United States, whether he has family or friends living in the United States, where and with whom he would live if he is released from detention, the immigration statuses of the people with whom Petitioner would live if released, Petitioner's employment history and work permit, whether Petitioner has ever paid taxes in the United States, whether Petitioner owns any property in the United States, and Petitioner's arrest for reckless driving. (ECF No. 15 at 12–19.)

"[M]ost obviously, it cannot be said that the Government has met its burden to show by clear and convincing evidence that Petitioner is a flight risk where it is undisputed that the Government made no argument at all to that effect." Ding v. Noem, No. 1:26-cv-01217-DJC-SCR, 2026 WL 2056592, at *2 (E.D. Cal. July 16, 2026). "[N]ew evidence solicited by the Immigration Judge *sua sponte* does not affect the burden of proof" and "[w]here DHS bears the burden to show flight risk or danger by clear and convincing evidence, the Immigration Judge cannot rely on arguments that DHS did not present to find that DHS successfully met their clear and convincing burden." Du v. Chestnut, No. 1:26-cv-01435-DJC-CSK, 2026 WL 2642314, at *2 (E.D. Cal. Sept. 8, 2026) (collecting cases).

"Therefore, although the Immigration Judge recited the correct standard . . . [s]he failed to apply it." Singh v. Warden of the California City Det. Facility, No. 1:26-cv-04188-DJC-CKD, 2026 WL 2475601, at *2 (E.D. Cal. Aug. 24, 2026) (citing Nat. Res. Def. Council, Inc. v. Pritzker, 828 F.3d 1125, 1135 (9th Cir. 2016) ("An agency acts contrary to the law when it gives mere lip service or verbal commendation of a standard but then fails to abide the standard in its reasoning and decision.")). "This Court and others have found that this failure constitutes a clear legal error and an abuse of discretion." Singh, 2026 WL 2475601, at *2 (collecting cases). Accordingly, the undersigned recommends finding that the IJ abused her discretion in denying bond because the IJ placed the burden of proof on Petitioner rather than the government and thus, Petitioner is entitled to habeas relief on Count Two on this ground.[3]

**C. Appropriate Relief**

"Federal habeas corpus practice, as reflected by the decisions of [the Supreme] Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" Hilton v. Braunskill, 481 U.S. 770, 775 (1987). "[H]abeas corpus is, at its core, an equitable remedy." Schlup v. Delo, 513 U.S. 298, 319 (1995).

> Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release—*see Soriano*, —— F. Supp. 3d. ——, 2026 WL 969764, at *6; *W.T.M.*, 2026 WL 22583, at *5; *Miri*, 2026 WL 622302, at *11; *Garcia*, —— F. Supp. 3d ——, 2025 WL 3466312, at *11—or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing—*see Kharis*, 2018 WL 5809432, at *11; *Lemus Crispin*, 2026 WL 768859, at *7; *S.E. v. Noem*, No. 1:26-CV-00356-DAD-SCR, 2026 WL 836327 (E.D. Cal. Mar. 26, 2026); *N.A.*, 2026 WL 734587, at *9.

Perez Velasquez v. Bondi, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026). "Because the IJ committed clear legal error by failing to apply the []correct burden of proof, the Court finds that the appropriate remedy in this case is to order Respondents

\\\

[3] In light of this conclusion, the Court declines to address whether the IJ erred in denying Petitioner's request for a second bond hearing.

to provide Petitioner with a new bond hearing that complies with this Court's order." Singh v. Becerra, No. 1:26-cv-05516-JLT-CDB, 2026 WL 3205111, at *4 (E.D. Cal. Oct. 26, 2026).

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED IN PART with respect to Count One.
2. Count One of the petition for writ of habeas corpus be DISMISSED.
3. Count Two of the petition for writ of habeas corpus be GRANTED with respect to the challenge of Petitioner's bond hearing.
4. Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," id. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017).

Further, the Court HEREBY ORDERS that:

1. Petitioner's motion for consideration of late reply brief (ECF No. 17) is GRANTED.
2. Petitioner's motion for immediate ruling and motion for expedited consideration (ECF Nos. 19, 20) are DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and

serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 16, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE